IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKEL D. POE,

       Plaintiff,

v.

CAROLYN COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY

       Defendant.
_____

Case No. 6:13-cv-01204-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff brings this action under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits and supplemental security income.

    After the ALJ's decision, plaintiff submitted new evidence to the Appeals Council. The Appeals Council considered the evidence and concluded the new evidence did not justify

1 – OPINION AND ORDER

changing the ALJ's decision. TR 2. Regarding an August 10, 2012 evaluation from Dr. Butters, the Appeals Council stated, "[t]he Administrative Law Judge decided your case through February 24, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 24, 2012." TR 2.

As the Appeals Council considered the new evidence, it is properly before the district court as part of the administrative record. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The Appeals Council erred in concluding the new evidence did not affect the determination of whether plaintiff was disabled on or before February 24, 2012.

During a February 16, 2012 examination, Dr. Butters concluded plaintiff had a "nonunion at the fracture site in the proximal portion of the middle third where the plate pulled off[.]" TR 485. X-rays revealed the "plate pulled off the proximal shaft and broken screws plus halo effect on the distal screws as well." TR 486. Dr. Butters noted "[i]t is unclear when the hardware failed." TR 486.

Following the ALJ's February 24, 2012 decision, Dr. Butters noted his opinion in a March 22, 2012 letter that plaintiff "is to be considered disabled from this injury from any physical work for 12 months, and perhaps will have permanent loss of function of the right upper extremity. This originated 2 years ago from a motor vehicle accident, where he sustained an open fracture of the shaft of the humerus . . . ." TR 471. Evidence that the screws and plate in plaintiff's humerus had failed prior to the ALJ's February 24, 2012 decision, which was never before the ALJ, could have impacted the ALJ's decision regarding whether plaintiff was disabled. The evidence could have impacted the ALJ's view of much of the other evidence in the record, such as Dr. Kalidindi's opinion, or even the ALJ's view of plaintiff's own credibility. For instance, the evidence could have supported plaintiff's testimony at the February 8, 2012 hearing

2 – OPINION AND ORDER

that he had difficulty lifting even a cup of coffee with his right arm. TR 54. On the other hand, the ALJ could conclude Dr. Butters's February 16, 2012 evaluation and additional evidence does not compel a finding of disability as plaintiff continued to have "good opening and closing of the hand," with some range of shoulder motion. TR 486.

I take no view on whether Dr. Butters's opinions mandate a finding of disability. I only note the additional evidence could have impacted the ALJ's decision. Additionally, if the ALJ concludes the additional evidence in fact points to plaintiff being disabled on or before February 24, 2012, the disability onset date remains an outstanding issue.

As the Appeals Council erred in concluding the additional evidence did not impact the ALJ's decision, this matter is remanded for the ALJ to review and weigh the additional evidence, and to determine if the additional evidence impacts any of the ALJ's original findings and conclusions.

IT IS SO ORDERED.

DATED this 13th day of November, 2014.

                                            _____/s/Michael J. McShane_____
                                                       Michael McShane
                                                United States District Judge

3 – OPINION AND ORDER