IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKEL D. POE,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____

Civ. No. 6:13-cv-01204-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff filed this motion for attorney fees in the amount of $4,932.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant, in response, moves this Court to deny the petition, arguing that the Commissioner was substantially justified in her litigation position before the Appeals Council. For the reasons set forth below, plaintiff's motion, ECF No. 22, is GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

    Plaintiff appeared before the Administrative Law Judge ("ALJ") on February 8, 2012. TR. 41. At the hearing, Plaintiff testified that he was going to be seeing Dr. Butters, an orthopedic surgeon, on February 16, 2012. TR. 49. On that date, Dr. Butters diagnosed nonunion of the bone in plaintiff's right arm and recommended a surgical repair. TR. 484. Dr. Butters concluded plaintiff had a "nonunion at the fracture site in the proximal portion of the middle third where the plate pulled off[.]" TR. 485. X-rays revealed the "plate pulled off the proximal

1 – OPINION AND ORDER

shaft and broken screws plus halo effect on the distal screws as well." TR. 486. Dr. Butters noted "[i]t is unclear when the hardware failed." TR. 486.

After plaintiff met with Dr. Butters, on February 24, 2012, the ALJ issued a decision denying Plaintiff's claim for benefits. TR. 17-33. Following the ALJ's February 24, 2012, decision, Dr. Butters recorded his opinion in a March 22, 2012, letter that plaintiff "is to be considered disabled from this injury from any physical work for 12 months, and perhaps will have permanent loss of function of the right upper extremity. This originated 2 years ago from a motor vehicle accident, where he sustained an open fracture of the shaft of the humerus . . . ." TR. 471.

After the ALJ's decision, plaintiff submitted the new evidence from Dr. Butters's evaluation to the Appeals Council. The Appeals Council considered the evidence and concluded the new evidence did not justify changing the ALJ's decision. TR. 2. Regarding the March 22, 2012, letter from Dr. Butters,[1] the Appeals Council stated, "[t]he Administrative Law Judge decided your case through February 24, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 24, 2012." TR. 2.

## STANDARD OF REVIEW

Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d

---

[1] The Appeals Council and this Court previously referred to an August 10, 2012, evaluation, but plaintiff has pointed out that the record does not support such a date. *See* ECF No. 22, at 4 n.1. The precise date of Dr. Butters's evaluation does not affect the result in this motion or the earlier remand opinion, but this Court will proceed in its analysis assuming the Appeals Council was referring to the letter Dr. Butters wrote on March 22, 2012.

2 – OPINION AND ORDER

867, 870 (9th Cir. 2013). "It is the government's burden to show that its position was substantially justified." *Meier*, 727 F.3d at 870 (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Underwood*, 487 U.S. at 565).

## DISCUSSION

The EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. First, this Court must ascertain whether plaintiff is a prevailing party. *See, e.g.*, *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Second, this Court must determine whether the government was substantially justified in its position in the underlying agency action and litigation. *Meier*, at 870. Neither party contests that plaintiff is a prevailing party, so plaintiff's entitlement to attorney fees and expenses hinges on whether the Commissioner was substantially justified in (1) its position in the underlying agency conduct and (2) in its litigation position.

The remand opinion in this case only addressed the new evidence presented to the Appeals Council, and the decision of the Appeals Council is not the final agency decision. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Once the Appeals Council denies review, the ALJ's decision becomes the final agency decision. *Id.* at 1161-62. Therefore, the actions of the Appeals Council do not represent the position of the Commissioner in the underlying agency conduct, and the ALJ's decision is not the basis for the present motion because the new evidence in question arose after the ALJ's decision. As a result, this Court's inquiry focuses solely on whether the Commissioner was substantially justified in her litigation position before the Appeals Council. As part of the administrative record, this Court may

3 – OPINION AND ORDER

consider new and material evidence submitted to and considered for the first time by the Appeals Council. *Id*. at 1162.

**I. Litigation Position**

The Commissioner has the burden to prove that its litigation position before the Appeals Council was substantially justified, and the Commissioner has failed to do so. As the Commissioner correctly identifies in her response brief, the only issue adjudicated in this matter was whether new evidence submitted to the Appeals Council undermined the ALJ's decision. *See* ECF No. 28 at 3. In this case, the new evidence was from a treating physician who concluded plaintiff was disabled due to the onset of a severe medical impairment sometime within the previous two years. Although the Commissioner is correct that this Court could not make a disability determination based on the new evidence alone, it is entirely different to allege that a treating physician's opinion that plaintiff is disabled, and has been for up to two years, does not undermine the ALJ's decision that plaintiff is not disabled. For that reason, the Commissioner's argument that because the new evidence could in fact not change the outcome here, the Commissioner's argument was "*per se* substantially justified" fails. The point here is that although the ALJ could perhaps look at the new evidence and determine plaintiff is not disabled, the ALJ must first review that evidence in order to come to that conclusion.

The Commissioner argues the current action is analogous to a recent Ninth Circuit case involving *Brewes* evidence where the court affirmed a denial of attorney fees. *See Linge v. Colvin*, 589 Fed. App'x. 383 (9th Cir. Jan. 16, 2015) (unpublished). First, as an unpublished opinion, *Linge* has no precedential value. Cir. Rule 36-3(a). Second, the facts of *Linge* are easily distinguishable from the case before this Court. In *Linge*, new evidence of possible sleep apnea from a doctor's report was not clearly at odds with the ALJ's finding that the claimant had the

4 – OPINION AND ORDER

residual functioning capacity to perform light work. *Id.* at 384. In our case, Dr. Butters identified a severe arm injury that could explain why plaintiff testified he was unable to even lift a coffee cup, which is clearly at odds with the ALJ's conclusion that plaintiff had the residual functioning capacity to perform light work.

The Commissioner did not have a reasonable basis to argue that the ALJ's decision could not be affected by the opinion of a treating physician who, less than one month later, concluded plaintiff was disabled. This is especially true given that the doctor determined the arm injury manifested itself at some point within the last two years, well before the ALJ's decision.

## II. EAJA Award

Plaintiff's counsel filed an affidavit and an itemized statement of attorney fees demonstrating that she worked 26 hours on this case and that the attorney fees and expenses total $4,932.75. ECF No. 24; 24-2. The government did not contest the amount of fees requested.

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). This Court has an independent duty to review the fee request to determine its reasonableness. *See, e.g.*, *Hensley v. Eckerhart*, 461 US 424, 433 (1983). Under the EAJA, an award of attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses.") (citations omitted). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by

the CPI-U in the month that the cap was imposed. *Id.* at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations,[2] plaintiff is awarded fees at the hourly rates of $187.02 for 2.9 hours of work performed by counsel in 2013, and $190.06 for 23.1 hours of work performed by counsel in 2014, for a total award of $4,932.75 in attorney fees.

## **CONCLUSION**

For these reasons, plaintiff's motion, ECF No. 22, is GRANTED. Plaintiff is awarded attorney fees in the amount of $4,932.75.

IT IS SO ORDERED.

DATED this 9th day of April, 2015.

_____
Michael J. McShane
United States District Judge

---

[2] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Mar. 24, 2015).

6 – OPINION AND ORDER